UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHASSIB KASSIM WAHAB,**

    **Plaintiff,**

v.                                             Case No: 5:23-cv-659-TJC-PRL

**PATTERSON BELKNAP WEBB & TYLER, DAHILA B. DOUMAR, JOHN D. WINTER, YILING LIVIA CHEN-JOSEPHSON, ESTEE LAUDER COMPANIES, INC., WILLIAM P. LAUDER, FABRIZIO FREDA and JENNIFER LEPORE,**

    **Defendants.**

## ORDER

*Pro se* Plaintiff has moved for entry of the clerk's default against the defendants. (Doc. 35). The plaintiff's motion is plainly meritless and improper and lacks any factual basis. The Court's docket expressly contradicts the factual basis for the plaintiff's motion, that "more than twenty days had elapsed since the service of said Complaint and summons upon defendants [sic], and no Answer thereto having been served by defendants [sic][.]" (Doc. 35 at ¶ 6). The defendants responded to this action by filing a motion to dismiss which is currently pending before the Court. (Docs. 14 & 30). Indeed, based on that motion to dismiss, the Court stayed this action. (Doc. 35). Accordingly, the defendant's motion for entry of the clerk's default (Doc. 35), is **DENIED**.

Finally, the plaintiff is warned that making false representations to the Court could subject him to sanctions, including monetary sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See e.g.*, Fed. R. Civ. P. 11(b)(3), (c)(1), & (c)(3) (stating that court

may order a party to show cause why he hasn't violated Rule 11(b)(3) which states that by filing his motion he certified that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support"). Further, Plaintiff is also warned that the Court may impose sanctions for future non-compliance with, *inter alia*, the Court's Orders, Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. *See* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order.") (citing Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii)).

**DONE** and **ORDERED** in Ocala, Florida on May 24, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties